**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                  No. 99-2283

ENRIQUE SALAS,                                      (D.C. No. CR-99-14-BB)
                                                    (D.N.M.)
    Defendant-Appellant.

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRORBY, Circuit Judges.

Defendant Enrique Salas appeals the district court's denial of his motion to reduce his sentence under the safety valve provision, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The district court found that Defendant did not satisfy the fifth element of the safety valve provision, which is the truthful admission of all information the defendant has about the offense. We exercise jurisdiction pursuant to 18 U.S.C. § 3742, and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Two confidential informants and a narcotics task force agent reported observing a man calling himself Miguel Salas selling pre-packaged cocaine out of a mobile home in Espanola, New Mexico. (R. vol. I, doc. 1.) Based on this information, State District Judge Art Encinias issued a search warrant for the mobile home. Officers executing the warrant arrested Defendant, along with Cristobal Estrada and Francisco Arreola. In the mobile home, the officers found about 300 pounds of marijuana, as well as 0.5 kilograms of cocaine, scales, cutting agents, packaging materials, firearms, and notebooks containing names and monetary amounts. After receiving Miranda warnings, Defendant told officers that he was holding the marijuana and cocaine for someone else and was to be paid for holding the drugs. Id.

A grand jury indicted Defendant on three counts: (1) conspiracy to possess marijuana and cocaine with intent to distribute in violation of 21 U.S.C. § 846, (2) possession of more than 100 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B), and (3) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(C). Defendant pled guilty to the second count. The Government dismissed the remaining two counts pursuant to the plea agreement. The district court sentenced Defendant to 60 months imprisonment, based on the five year statutory minimum sentence in 21 U.S.C.

§ 841(b)(1)(B). Defendant's guideline sentencing range was 46 to 57 months, based on his criminal history category of I and the offense level of 23. The drug quantity yielded a base offense level of 26, minus 3 levels for acceptance or responsibility. The PSR, however, recommended that Defendant not receive the safety valve reduction of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

Defendant objected to the PSR's recommendation that he was not eligible for the safety valve provision. He argued that he had given the Government complete information about his involvement in the offense. At the sentencing hearing, Defendant admitted that he knew the drugs were in his trailer. (R. vol. II, at 9-10.) He also testified, however, that he "was just taking care of the drugs for Francisco Arreola. When Francisco's friends would come, I would just give them the drugs. But I never sold them the drugs." ( Id. at 6.) Defendant stated that Arreola's cousins delivered the cocaine to the trailer. ( Id. at 7.) He also testified that he would then distribute the drugs a gram or two at a time to people who came to the trailer. ( Id. at 9.) Defendant admitted to helping wrap and bag the marijuana, but denied selling any marijuana. ( Id. at 10-11.)

The government argued that Defendant was not entitled to the safety valve reduction. It took the position that, despite Defendant's denials, he was in fact selling drugs from his trailer. In the affidavit in support of the search warrant, two confidential informants reported purchasing pre-packaged cocaine at

Defendant's trailer from a man calling himself Miguel Salas. In addition, the presentence report noted five instances of other criminal conduct in New Mexico and Arizona. In each instance, Defendant failed to appear. Two were drug-related: a New Mexico charge for distribution of marijuana and Arizona charges for possession of marijuana for sale, possession of drug paraphernalia, and possession of marijuana for transport and sale. Finally, at the time of his arrest, Defendant told a DEA agent that he was holding the drugs for someone else, who would pay him for the service; Defendant would not identify who brought the drugs.

The district court found that Defendant's testimony was not truthful. "I think there is too much in Mr. Salas' past, with his lying to the DEA and his other charges with regard to drug distribution, and his failure to appear in other courts on those charges that prohibits me from giving him the benefit of the doubt." (R. vol. II, at 21.) Accordingly, the district court denied the motion for a safety valve reduction.

II.

We review the district court's specific conclusion that a defendant is not eligible for relief under 18 U.S.C. § 3553(f) for clear error. United States v. Gonzalez-Montoya, 161 F.3d 643, 651 (10th Cir. 1998), cert. denied, 526 U.S. 1033 (1999). Section 3553(f) provides that the district court shall impose a

sentence based on the guidelines regardless of any statutory minimums if the defendant proves five factors. The fifth factor requires that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); see also U.S.S.G. § 5C1.2(5) (tracking the language of § 3553(f)(5)). A defendant must disclose "everything [he] knows about his own actions and those of his co-conspirators" to qualify for a sentence reduction under this provision. United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997) (internal quotation marks and citations omitted); see also United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997) (noting that § 3553(f)(5) "is very broad, requiring disclosure of everything the defendant knows about his own actions and those who participated in the crime with him"). The defendant bears the burden of showing, by a preponderance of the evidence, that the safety valve provision applies. United States v. Gama-Bastidas, 142 F.3d 1233, 1242 (10th Cir. 1998).

In this case, Defendant has not carried his burden of showing that the safety valve provision applies. The district court did not clearly err in relying on the indications of Defendant's untruthfulness: (1) the statements of two confidential

informants who reported seeing Defendant sell prepackaged cocaine from his trailer, (2) Defendant's failure to appear in two drug trafficking cases, and (3) Defendant's incomplete statements to a DEA agent at the time of his arrest. Defendant did not present the district court with credible evidence that he told the Government everything he could about his involvement in the offense. "[A] trial judge . . . is free to find a defendant's contentions untruthful. Given such a finding, [the defendant] did not meet his burden of establishing all five requirements for a downward adjustment under [the] safety valve provision." Gonzalez-Montoya, at 161 F.3d at 652.

AFFIRM ED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge